IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TINA WHITE, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 4:10-cv-531 |
| | § | |
| GMRI, INC. d/b/a | § | |
| RED LOBSTER RESTAURANT, | § | |
|     Defendant. | § | |

**ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Tina White, Plaintiff, and files this original complaint against GMRI, Inc. d/b/a Red Lobster Restaurant, Defendant, and would respectfully show the Court as follows:

**I.  PARTIES**

1. Plaintiff Tina White is an individual residing in Grayson County, Texas.

2. Defendant GMRI, Inc. d/b/a Red Lobster Restaurant is a foreign for-profit corporation doing business in Texas and may be served through its registered agent for service, Corporate Creations Network, Inc., 4265 San Felipe, #1100, Houston, Texas 77027.

**II.  JURISDICTION**

3. Jurisdiction is founded on federal question, specifically, the Americans with Disabilities Act of 1990 ("the ADA"), as amended.

4. Jurisdiction is further founded on diversity 28 U.S.C. §1332, *et seq*.

5. All prerequisites to filing suit have been met.

## III.  FACTS

6. Plaintiff was employed by Defendant GMRI, Inc. as a server at its Red Lobster Restaurant located in Sherman, Texas.  Plaintiff began working for Red Lobster Restaurant on or about November 26, 2002.

7. On or about April 28, 2008, Plaintiff sustained an on-the-job injury to her back while lifting booths for cleaning.  Plaintiff filed a workers' compensation claim.

8. In April 2009, Plaintiff began experiencing continuous numbness in her left leg which stems from the on-the-job injury.

9. On or about October 20, 2009, Plaintiff informed Defendant's general manager, Mike Toone, and scheduling manager, Greg Wilson, that she would be undergoing a series of three injections in an attempt to alleviate the continuing pain and weakness.  She requested time-off for the three procedures and told them that she wanted to complete the series of the three injections before the end of the year.  This request was approved.

10. On or about October 24, 2009, Plaintiff requested that Mr. Wilson not schedule her in a section located far from the kitchen because carrying heavy trays that distance aggravated her leg numbness and pain.  This simple accommodation would have reduced the distance she had to walk carrying heavily loaded trays.

11. Mr. Wilson told her she had to work the section she was assigned and just to do it.  Instead of accommodating Plaintiff's physical disability, Mr. Wilson gave her a write-up for having a bad attitude.  He continued to assign her to the section of tables located furthest from the kitchen.

12. Furthermore, Plaintiff was subjected to ridicule and derogatory comments by Mr. Wilson and other employees for the care and treatment prescribed by her physicians.

13. Plaintiff kept Defendant informed of her doctor's appointments and treatment schedules. She continued to perform her duties despite a lack of accommodation.

14. Defendant refused to accommodate Plaintiff's request to be assigned to a section closer to the kitchen.

15. Defendant accommodated Ms. Tammy Roberts, another server, by giving her a section close to the kitchen and giving her a set work schedule. Upon information and belief, Defendant only so accommodated Ms. Roberts when she accused them of discriminating against her because of her disability, multiple sclerosis.

16. On or about December 12, 2009, Plaintiff was terminated.

### IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

**17.    Violations of the Americans with Disabilities Act of 1990 ("the ADA"), as amended**

18. A. Defendant discharged Plaintiff in violation of the Americans with Disabilities Act of 1990 ("the ADA"), as amended, protecting Plaintiff from discrimination based on her perceived disability.

19. B. Plaintiff claims all relief, legal and equitable, that effectuate her rights under the Americans with Disabilities Act of 1990 ("the ADA"), as amended.

20. C. Plaintiff requests reasonable attorney's fees as permitted under the Americans with Disabilities Act of 1990 ("the ADA"), as amended.

21. D. On or about December 14, 2009, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On or about January 28, 2010, Plaintiff filed a written complaint with the Texas Workforce Commission. On August 18, 2010, she received the Notice of

Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated August 16, 2010.

## V.  PENDANT STATE CLAIMS

**22.   A.   Violations of  V.T.C.A. LABOR CODE §451, *et seq*.**

23.   Plaintiff would show that she has been discriminated against because she, in good faith, filed a claim with the Texas Industrial Accident Board under the V.T.C.A. LABOR CODE §451, *et seq.* Such discrimination is without just cause and amounts to unlawful discrimination in violation of V.T.C.A. LABOR CODE §451, *et seq.*, which such act was a proximate cause of Plaintiff's damages.

**24.   B.   Vicarious Liability**

25.   At all times relevant hereto, Plaintiff would show that Defendant was liable for the wrongful acts of its agents, employees, and/or representatives pursuant to the doctrine of vice-principal and the principles of agency.

## VI.  DAMAGES

26.   Plaintiff would show that as a result of Defendant's wrongful conduct, she has suffered damages in an amount that is within the jurisdictional limits of this Court.  Plaintiff claims all relief at law and in equity pursuant to TEX. LABOR CODE §450.01, *et seq*.

27.   Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to the Americans with Disabilities Act of 1990 ("the ADA"), as amended, and pursuant to Texas common law.

## VII.  EXEMPLARY DAMAGES

28. Plaintiff would show that Defendant's conduct as set forth herein was done with malice and committed knowingly, intentionally and/or in a conscious disregard for Plaintiff's rights justifying the imposition of punitive damages in an amount no less than three times Plaintiff's actual damages.

29. Plaintiff would show that as a result Defendant's discriminatory conduct, as set forth herein, she has suffered grave and extreme damages; and that Defendant's conduct, in the nature of discrimination against her, was intentional, willful, wanton, and perpetrated upon her with total disregard for her rights as an employee.  Further, Plaintiff states that she was a valuable employee of the Defendant, and that Defendant benefited from her long hours and steady work as an employee.  Defendant's conduct in terminating Plaintiff's employment because she sustained an injury in the scope of her employment and subsequently filed a workers' compensation claim was done with malice and to discourage other employees from filing such claims.

## VIII.  ATTORNEY'S FEES

30. Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees pursuant to TEXAS LABOR CODE AND the Americans with Disabilities Act of 1990 ("the ADA"), as amended.

## IX.  JURY DEMAND

31. Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; mental anguish; punitive damages; reasonable attorneys' fees; costs of court; prejudgment and

postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

                Respectfully submitted,

                **RONALD R. HUFF**
                Attorney and Counselor at Law
                112 South Crockett Street
                Sherman, Texas 75090
                (903) 893-1616 (telephone)
                (903) 813-3265 (facsimile)

                /s/ Ronald R. Huff
                Ronald R. Huff (SBN 10185050)

                **ATTORNEY FOR PLAINTIFF**